UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ERIAS A. TERRELL | ) | Case No. 08-13635-SSM |
| MONIQUE S. TERRELL | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION AND ORDER
ADJUDGING STEPHEN C. SZAKOS IN CIVIL CONTEMPT**

A hearing was held on September 16, 2008, on the motion of Monique S. Terrell, one of the debtors in this case, to have Stephen C. Szakos held in contempt for violation of the automatic stay. Ms. Terrell was present in person and was represented by her attorney of record. Mr. Szakos, although given notice of the hearing, was not present. The court received the testimony of Ms. Terrell and of Vicky Carey, a paralegal in the office of debtor's attorney. Based on the testimony presented, the court determines that Mr. Szakos willfully violated the automatic stay and that sanctions are appropriate.

Findings of Fact

Monique S. Terrell and her husband, Erias A. Terrell, filed a joint petition in this court on June 24, 2008, for relief under chapter 7 of the Bankruptcy Code. Prior to the filing of the petition, Mr. Szakos had obtained a judgment against the debtors for unpaid rent and had sued out a wage garnishment against Ms. Terrell's employer. The return date of the garnishment summons was July 2, 2008. Prior to the filing of the bankruptcy petition, a total of $2,700.00 had been withheld from Ms. Terrell's paychecks. (An additional $1,600.00 was withheld

1

following the bankruptcy filing but was ultimately returned to the debtor by her employer).

These funds were listed on her schedule of assets and were claimed exempt under the Virginia

homestead exemption, § 34-4, Code of Virginia.  According to the testimony at the hearing, a

timely homestead deed was filed to perfect the exemption claim.

Mr. Szakos was listed as a creditor and was mailed a notice of the commencement of the

case by the court on June 27, 2008.  On July 1, 2008, Ms. Carey attempted to contact Mr. Szakos

by telephone to advise him of the bankruptcy filing and of the effect of the automatic stay.  She

was unable to speak with him personally, but a woman representing herself to be his assistant

provided a fax number, and a copy of the bankruptcy petition was faxed to him.  The following

day, July 2, 2008—eight days after the bankruptcy petition was filed—Mr. Szakos appeared

before the state court and obtained an order for payment, and the garnished funds were turned

over to him.  On July 18, 2008, Mr. Szakos finally returned Ms. Carey's telephone call and

acknowledged that he had received the garnished funds in the amount of $2,700.00, that he was

holding them in his personal bank account, and that he would not return them.  After some

further discussion, he demanded that the debtor's attorney no longer contact him.  The trustee

filed a report of no distribution on July 22, 2008, and the present motion for sanctions was filed a

week later.  Attorney's fees of $600.00 have been reasonably incurred in bringing this matter

before the court.

<u>Conclusions of Law and Discussion</u>

The filing of a bankruptcy petition creates a broad stay of creditor activity, including the

continuation of court proceedings against the debtor and the enforcement, against the debtor or

against property of the estate, of a judgment obtained prior to the bankruptcy. § 362(a)(1) and

(2), Bankruptcy Code.  The automatic stay is effective even as to parties who had no notice of

the bankruptcy filing. *In re James*, 120 B.R. 802, 814 (E.D. Pa. 1990), *aff'd* 940 F.2d 46 (3rd

Cir. 1991).  A violation of the automatic stay may be redressed by the bankruptcy court under its

civil contempt powers.  § 105(a), Bankruptcy Code;  *Burd v. Walters (In re Walters)*, 868 F.2d

665 (4th Cir. 1989).  Additionally, an individual injured by a willful violation of the automatic

stay has a statutory claim for the recovery of compensatory and punitive damages and reasonable

attorney's fees.  § 362(k), Bankruptcy Code; *Budget Serv. Co. v. Better Homes of Va.*, 804 F.2d

289 (4th Cir.1986).

A violation of the stay is willful if (1) the creditor knows of the bankruptcy and (2)

intentionally undertakes an action that violates the stay, even if the creditor is not aware that the

stay applies to the action.  *In re Peterkin*, 102 B.R. 50, 53-54 (Bankr. E.D. N.C. 1989).  Put

another way, ignorance of the legal effect of the automatic stay is no excuse.  Mr. Szakos may

have genuinely believed he was free to appear in court and obtain an order for payment of the

garnished funds because they had been withheld from the debtor's pay prior to the bankruptcy

filing.  That, however, is simply not a correct statement of the law: the funds were protected by

the automatic stay regardless of when they were withheld, so long as an order for payment had

not been entered prior to the bankruptcy filing.  Because Mr. Szakos knew of the bankruptcy

filing and intentionally took possession of the garnished funds (and even more egregiously, then

refused to return them) his actions constitute a willful violation of the automatic stay whatever

his subjective belief concerning the propriety of his action.

There remains the question of an appropriate sanction.  Civil contempt is remedial and

coercive in nature, unlike criminal contempt, the purpose of which is to punish.  Sanctions for

civil contempt sanctions may be compensatory or coercive, or both. *Keene Corp. v. Acstar Ins. Co. (In re Keene Corp.)*, 168 B.R. 285, 288 (Bankr.S.D.N.Y. 1994). A compensatory sanction, as the name implies, "attempts to indemnify the injured party for the damage caused by the contempt." *Id.* Coercive sanctions, such as fines or imprisonment, seek to compel compliance with the court's order. *Id.* Under the circumstances of this case, the court concludes that both forms of sanctions are appropriate.

O R D E R

For the foregoing reasons, it is

**ADJUDGED, ORDERED AND DECREED:**

1. Stephen C. Szakos is adjudged in civil contempt for having willfully violated the automatic stay by requesting an order for payment of, and obtaining turnover of, garnished wages.

2. Stephen C. Szakos shall, not later than **20 days** after the entry of this order, pay **$3,300.00** to the debtor, in care of her attorney, as compensatory sanctions. Upon such payment, Stephen C. Szakos shall stand purged of his contempt.

3. If timely payment of the adjudged compensatory sanctions is not made, a fine of **$500.00 per week**, payable to the clerk of this court, is imposed for each full week, beginning the 21st day after entry of this order, that the compensatory sanctions remain unpaid. Upon the filing of an affidavit by the debtor, with a copy to Mr. Szakos, stating that the compensatory sanctions have not been paid, and upon the expiration of five days from service of the affidavit, the court may enter a money judgment in favor of the United States of America for the accrued fines and may also enter a money judgment in favor of the debtor for the amount of the

4

compensatory sanctions, together with interest from the date of this order at the rate specified in

28 U.S.C. § 1961, until paid, for which execution may issue.

4.   Mr. Szakos is advised that an appeal lies from this order to the United States District

Court for the Eastern District of Virginia.  Except as provided in Rules 8002(b) and (c), Federal

Rules of Bankruptcy Procedure, a notice of appeal must be filed with the clerk of this court

within **10 days** of the entry of this order.  The filing fee for a notice of appeal is $255.00.

5.   The clerk will mail a copy of this order, or give electronic notice of its entry, to the

parties listed below.


Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge


Copies to:

Stephen C. Szakos
9201 Rainbow Falls Drive
Bristow, VA 20136

Robert R. Weed, Esquire
Law Offices of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109

Monique S. Terrell
22499 Orchard Grass Terrace
Apt 315
Ashburn, VA 20148

H. Jason Gold, Esquire
Wiley Rein, LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22101